# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JAMES M. DAILEY,

      Petitioner,

-vs-                                  Case No.  8:07–cv-1897-T-27MSS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

## ORDER

James Dailey's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") challenges the validity of his state conviction for murder, for which he was sentenced to death (Dkt. 1). The petition asserts seven grounds for relief (Id.).  The Respondent moves to dismiss all of Dailey's claims for relief (Dkt. 14) for the failure to assert a constitutionally protected right or for procedural deficiencies. Dailey has filed a response in opposition to the Respondent's motion to dismiss (Dkt. 18), and Respondent has filed a reply to Dailey's response (Dkt. 20).  Having considered the arguments of the parties and having reviewed the record, this Court concludes that the dismissal of some grounds is proper.

### Background

Dailey was convicted of first-degree murder and sentenced to death for the 1985 killing of a 14-year-old girl, Shelly Boggio.  The conviction was upheld on direct appeal, but the Florida Supreme Court remanded the case for resentencing after concluding that the trial court had failed to give weight to mitigating circumstances, and two aggravators were unsupported. *Dailey v. State*, 594

So.2d 254 (Fla. 1991) ("*Dailey I*"). After Dailey was resentenced to death, the Florida Supreme

Court affirmed the death sentence. *Dailey v. State*, 659 So.2d 246 (Fla. 1995) ("*Dailey II*"); *cert.*

*denied, Dailey v. Florida*, 516 U.S. 1095 (1996).

On April 1, 1997, Dailey challenged his conviction and sentence in a state Rule 3.850 motion

for post-conviction relief. Dailey's post-conviction motion was denied, and on May 31, 2007, the

Florida Supreme Court affirmed the denial of Dailey's post-conviction motion. *Dailey v. State*, 965

So.2d 38 (Fla. 2007)("*Dailey III*"). The Florida Supreme Court's mandate issued on September 26,

2007. Dailey filed his petition on October 18, 2007. The Respondent does not challenge the

petition's timeliness.

**Facial Insufficiency**

Initially, Respondent argues that Dailey's petition should be dismissed as facially insufficient

because Dailey fails to allege that the state courts' resolution of the claims he raises in his petition

was contrary to or an unreasonable application of clearly established federal law, or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding. *See*, 28 U.S.C. § 2254(d)(1)-(2). Respondent cites to no

federal law which supports his claim that a federal habeas petition is facially insufficient if it fails

to allege that the state courts' resolution of a claim was either contrary to or an unreasonable

application of federal law, or an unreasonable determination of the facts in light of the evidence.

Federal courts are authorized to dismiss any habeas petition that appears legally insufficient

on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994), citing to Rules Governing § 2254 Cases,

Rule 4, 28 U.S.C. § 2254. Rules Governing § 2254 Cases, Rule 2(c) states:

The petition must:

2

(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the petitioner or by a person authorized
to sign it for the petitioner under 28 U.S.C. § 2242.

Dailey's petition meets all the requirements of Rule 2(c). Moreover, Pursuant to 28 U.S.C. §

2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." Dailey has alleged that he

is in custody pursuant to a state judgment, and that he is in custody in violation of the Constitution

of the United States. Therefore, Dailey's petition is facially sufficient, and the Court must

"entertain" the petition. Accordingly, Respondent's motion to dismiss Dailey's petition in its

entirety on the ground that it is facially insufficient is denied.

## Ground 5

Respondent contends that Ground 5 fails to assert a reviewable federal constitutional claim.

Federal habeas corpus review is limited to violations of federal constitutional rights, not

asserted violations of state law or procedure.

> A federal habeas petition may be entertained only on the ground that a petitioner is
> in custody in violation of the Constitution or laws or treaties of the United States. 28
> U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis
> for federal habeas corpus relief, since no question of a constitutional nature is
> involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). State courts
> are the ultimate expositors of their own state's laws, and federal courts entertaining
> petitions for writs of habeas corpus are bound by the construction placed on a state's
> criminal statutes by the courts of the state except in extreme cases. *Mendiola v.
> Estelle,* 635 F.2d 487, 489 (5th Cir. 1981).

3

*McCullough v. Singletary,* 967 F.2d 530, 535-36 (11th Cir. 1992), *cert. denied*, 507 U.S. 975 (1993).

In Ground 5, Dailey alleges that "[t]he lower court erred in denying [his] claim that newly discovered evidence from Oza Shaw and Jack Pearcy entitles [him] to a new trial." (Dkt. 1 at p. 53). By presenting this argument as an independent ground for relief, Dailey essentially asks this Court to review the decision of the state trial court on a matter of state law, rather than federal constitutional law. This Court's review of the state court's rejection of Dailey's challenges to his conviction and sentence is authorized by 28 U.S.C. § 2254, but that review is limited. Dailey's argument can be considered when the underlying substantive claims are reviewed to determine whether the Florida Supreme Court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination fo the facts in light of the evidence presented in the State court proceeding" 28 U.S.C. § 2254(d)(1) and (2). However, Ground 5 does not allege an independent ground for relief. Dailey fails to articulate any cognizable constitutional deprivation resulting from the state courts' decisions denying him a new trial based on Jack Pearcy's and Oza Shaw's new testimony. Federal habeas relief is available to correct only constitutional injury.

To the extent Ground 5 may be construed as raising a freestanding claim of actual innocence, actual innocence is not itself a constitutional claim. Rather, it is a gateway through which a petitioner must pass to reach an otherwise procedurally barred constitutional claim on its merits. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). In *Herrera*, the Court commented:

> [w]e may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of "actual innocence" made after trial would render

4

the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim. But because of the very disruptive effect that entertaining claims of actual innocence would have on the need for finality in capital cases, and the enormous burden that having to retry cases based on often stale evidence would place on the States, the threshold showing for such an assumed right would necessarily be extraordinarily high. The showing made by petitioner in this case falls far short of any such threshold.

*Id.*, 506 U.S. at 417.

Petitioner's freestanding claim of actual innocence does not meet the *Herrera* standard. Petitioner raised his actual innocence claim in the state courts. The post-conviction court heard his arguments that Jack Pearcy's 1993 sworn statement and Oza Shaw's recantation were newly discovered evidence and found that Shaw's recantation was unreliable, and Pearcy's statement was inadmissible hearsay (Dkt. 1-5 at pp. 3-4). The Florida Supreme Court reviewed the post-conviction court's findings and affirmed (Respondent's Ex. D-15 at p. 4). Upon the record, Petitioner fails to meet the "extraordinarily high" threshold that a freestanding claim of actual innocence must have. Consequently, Ground 5 is insufficient to assert a federal constitutional claim.

**Grounds 1, 2 and 7**

Respondent contends that the federal constitutional nature of Grounds 1, 2 and 7 have not been presented to the state courts and are therefore subject to dismissal based on failure to exhaust available state court remedies. A petitioner must present his claims to the state courts before raising them in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *quoting Picard v. Connor,* 404 U.S. 270, 275 (1971). *Accord, Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief

5

first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

**Ground 1**

In Ground 1, Dailey alleges that he was denied a fair guilt phase trial in violation of his right to due process because: 1) the trial court improperly admitted evidence of Dailey fighting extradition from California to Florida;[1] 2) the trial court improperly admitted evidence concerning a knife sheath, a booking photograph, and certain statements by inmate witnesses; 3) the trial court denied him his right to confront Paul Skalnik (hereinafter "Skalnik") regarding the nature of Skalnik's pending criminal charges;[2] 4) the state made improper comments regarding Dailey's right to remain silent;[3] and 5) the trial court gave an erroneous jury instruction.

Dailey presented sub-claim 1, his extradition claim, to the state court as Issue I in his Initial Brief on direct appeal (Respondent's Ex. A-14 at pp. 23-32). The issue Dailey presented on direct appeal specifically alerted the state court that he was claiming a violation of his right to due process under the Fifth and Fourteenth Amendments (Id. at p. 26).

Dailey presented sub-claim 3, his confrontation claim, to the state court as Issue VI in his Initial Brief on direct appeal (Id. at pp. 60-68). Dailey argued that "the trial court's restriction of defense counsel's cross-examination violated the Appellant's Sixth Amendment right to confront

---

[1]Dailey alleges that this was also a violation of his Fifth and Fourteenth Amendment rights.

[2]Dailey alleges that this was also a violation of his Sixth Amendment rights.

[3]Dailey alleges that this was also a violation of his Fifth Amendment rights.

the witnesses against him." (Id. at p. 63).  Accordingly, he fairly presented his federal claim to the state courts.

Dailey presented sub-claim 4, his right to remain silent claim, to the state court as Issue VIII in his Initial Brief on direct appeal (Id. at pp. 74-81).  The issue Dailey presented on direct appeal specifically alerted the state court that the prosecutor's comments on Dailey's failure to testify "violate the self-incrimination clause of the fifth amendment to the United States Constitution." (Id. at p. 75).

Dailey presented sub-claim 5, his erroneous jury instruction claim, to the state court as Issue VII in his Initial Brief on direct appeal (Id. at pp. 69-73).  Dailey argued that "[s]uch error violates the defendant's constitutional right to have the jury decide every material issue." (Id. at 73).  He also cited to *In re Winship*, 397 U.S. 358 (1970) for the proposition that "due process protects against conviction except upon proof of every element." (Id.).  Accordingly, Dailey fairly presented his due process claim to the state courts.

Dailey presented sub-claim 2, his improperly admitted evidence claim, to the state court as Issues II, IV, and V (Id. at pp. 33-37; 45-59).  On direct appeal, Petitioner presented his claims concerning admission of the booking photograph and evidence regarding the knife sheath as state law issues only (Id. at pp. 33-37; 45-49).  Also on direct appeal, Petitioner presented his claim concerning the admission of the inmates' hearsay statements through Detective Halliday as a state law issue and a federal confrontation clause issue (Id. at pp. 50-59).  Petitioner did not, however, present the issue as a federal due process issue (Id.).  Accordingly, Petitioner did not fairly present his independent federal "due process" issue to the Florida Supreme Court, and therefore, the issue has not been exhausted.  Moreover, Dailey would now be barred from raising his constitutional claim

before the state court.

Florida law procedurally bars new claims or claims that have already been raised in prior petitions when "the circumstances upon which they are based were known or should have been known at the time the prior petition was filed." *Johnson v. Singletary*, 647 So.2d 106, 109 (Fla. 1994). In order to overcome this procedural bar in federal court, petitioners must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice, and the issue is no longer capable of being considered by the Florida courts. Therefore, the "due process" issue concerning the admission of evidence regarding the knife sheath, booking photograph, and inmate testimony is procedurally defaulted.

### Ground 2

In Ground 2, Dailey asserts that he was denied a "constitutionally sound" sentencing proceeding and was denied his due process and Eighth Amendment rights because of errors during his first trial and resentencing proceedings. Specifically, Dailey argues his rights were violated when: 1) the trial court qualified Detective Halliday as an expert in homicide investigation and sexual battery; 2) the trial court found the murder occurred during a sexual battery; 3) the trial court denied Dailey's motion for a new penalty phase trial; 4) the trial court failed to give "due consideration" to strong mitigating evidence; and 5) the trial judge failed to recuse himself from the resentencing proceeding.

The Respondent argues that Dailey's due process and Eighth Amendment claims concerning

sub-claims 1, 2, and 5 are unexhausted and procedurally barred because he did not assert a due process and Eighth Amendment claim in state court. In his Initial Brief on direct appeal, Dailey raised the claims that the trial court erred when it qualified Detective Halliday as an expert and when it found the murder occurred during a sexual battery. (Respondent's Ex. A-14 at pp. 82-88; 90-94). Dailey did not, however, raise federal due process and Eighth Amendment claims (Id.). Therefore, Dailey failed to exhaust his federal claims (sub-claims 1-2) in state court, and he would now be procedurally barred from raising his federal constitutional claims before the state courts.

In his Initial Brief after resentencing, Dailey argued that "the trial court violated his constitutional right to due process of law by denying his motion to disqualify the sentencing judge...", and he cited to federal authority in support of his claim (Respondent's Ex. B-4 at pp. 30-35). Therefore, as to sub-claim 5, the issue Dailey presented on appeal after resentencing alerted the state court that he was claiming a federal due process violation. Likewise, Dailey's claim, in his Initial Brief after resentencing, that the trial court failed to consider mitigating evidence (sub-claim 4) alerted the state court that he was claiming a violation of his Eighth and Fourteenth Amendment rights (Id. at pp. 23-29).[4] Accordingly, sub-claims 4 and 5 are entitled to a review on the merits.

### Ground 7

In Ground 7, Dailey alleges that he "was deprived of due process in his trial and his appeals because of fundamental factual errors which falsely support the verdict of guilt." The Respondent argues, *inter alia*, that Dailey's due process claim is unexhausted and procedurally barred because he did not assert a federal due process claim in state court.

Dailey presented his claim that factual errors in the Florida Supreme Court's opinions

---

[4]Sub-claim 3 will be addressed, infra, under the procedural default issue.

rendered the outcome of the case unreliable in his June 14, 2007 motion for rehearing (Respondent's Ex. D-16 at pp. 2-14). In *Baldwin v. Reese*, 541 U.S. 27 (2004), the Supreme Court held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 32. Exhaustion is not satisfied simply if the petitioner presents the state court with "all the facts necessary to support the claim" or even if a "somewhat similar state-law claim was made." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (citation omitted). The petitioner must instead "present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Id.* (quoting *Picard*, 404 U.S. at 277). "'Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (concluding that federal constitutional issue was sufficiently raised where although the petitioner did not specifically state on direct appeal that the issues were to be reviewed under the Federal Constitution, he provided enough information about the claims (including cites to Supreme Court cases) to notify the state courts that the challenges were being made on both state and federal grounds.).

In his June 14, 2007 motion for rehearing before the Florida Supreme Court regarding this claim, Dailey did not cite to federal case law, and he did not otherwise indicate that he intended to raise federal claims. Therefore, Dailey failed to exhaust his federal "due process" claim. Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice, and the issue is no

10

longer capable of being considered by the Florida courts. Accordingly, his claim is procedurally defaulted.

**Grounds 2, 3 and 6**

Respondent contends that Grounds 2, 3, and 6 are procedurally barred from federal review. A petitioner requesting a federal court to issue a writ of habeas corpus must present his claims to the state courts in the procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). The procedurally correct way to raise claim of trial court error is on direct appeal. The procedurally correct way to raise a claim of ineffective assistance of trial counsel in the Florida state courts is in a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Dailey's petition presents claims of trial court error and ineffective assistance of trial counsel.

Before a claim is procedurally barred from federal review, a state court must reject review of the claim because it was presented in an incorrect manner. The rejection must be based on the procedural default. "Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: 'The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989), *quoting Caldwell v. Mississippi,* 472 U.S. 320, 327 (1985). "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. at 261, *quoting Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Consequently, citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient. *Harris v. Reed*, 489 U.S. at 266. *See also Alderman v. Zant*, 22 F.3d 1541,

11

1549 (11th Cir.) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), *cert. denied*, 513 U.S. 1061 (1994). The initial question is whether the state court issued a "plain statement" applying its independent and adequate state procedural bar.

### Ground 2

In sub-claim 3 of Ground 2, Dailey alleges his due process and Eighth Amendment rights were violated when the trial court denied his motion for a new penalty phase trial. Dailey argues that he was entitled to a new penalty phase trial because: 1) the jury instructions on three aggravating factors were vague; and 2) the jury was instructed on two aggravating circumstances that were unsupported by the evidence. Dailey raised this claim on appeal following resentencing (Respondent's Ex. B-4 at pp. 15-22).

The Florida Supreme Court determined that Dailey's claim that the jury instructions were vague was procedurally barred.

> As to the first part of his claim, Dailey failed to raise vagueness of the instructions in his initial appeal before this Court. When this Court issued its opinion on appeal, the jury recommendation of death was unchallenged and intact, and we instructed the trial court to hold a new sentencing proceeding before the judge. The trial court cannot now be faulted for following our directions. *See Riley v. State*, 413 So. 2d 1173 (Fla.), *cert. denied*, 459 U.S. 981, 103 S. Ct. 317, 74 L. Ed. 2d 294 (1982).
>
> Further, although Dailey unsuccessfully moved to dismiss the indictment based on vagueness of the statutory aggravating circumstances, he never objected to the jury instructions themselves on vagueness grounds or offered alternative instructions. This claim is thus barred under *Beltran-Lopez v. State*, 626 So. 2d 163 (Fla. 1993), *cert. denied*, 114 S. Ct. 2122, 128 L. Ed. 2d 678 (1994):

> We now find that Beltran-Lopez did join in a motion in limine seeking to exclude "especially heinous, atrocious, or cruel" from consideration before both the jury and the judge on the ground that the aggravating factor was unconstitutionally vague. However, it is clear that he never attacked the instruction itself, either by submitting a limiting instruction or making an objection to the instruction as worded. Therefore, he is procedurally barred from complaining of the erroneous instruction.
>
> n6 Dailey objected to the HAC instruction without further comment, and he objected to the avoid arrest and CCP instructions because there was insufficient evidence.

>> *Id.* at 164.

*Dailey II*, 659 So. 2d at 247. Consequently, Dailey's claim that he was entitled to a new penalty phase trial because the jury instructions were vague is barred from review because the Florida Supreme Court's opinion contains the requisite "plain statement" applying the state's procedural bar rule. However, Dailey's claim that he was denied his due process and Eighth Amendment rights when he was denied a new penalty phase trial after the jury was instructed on two aggravating circumstances that were unsupported by the evidence is entitled to a review on the merits because the Florida Supreme Court rejected this claim on the merits. *See id.* at 247-48.

### Ground 3

Ground 3 alleges that Dailey was denied a fair trial because of instances of prosecutorial misconduct. Specifically, Dailey asserts that he was denied a fair trial when the prosecutor: 1) made an improper comment regarding Dailey's constitutional presumption of innocence; 2) improperly vouched for the credibility of Skalnik; and 3) made a false statement of fact during closing argument concerning when Shaw went to use the payphone on the evening of May 5, 1985. Dailey also alleges trial counsel was ineffective for failing to object to these instances of prosecutorial misconduct.

Finally, Dailey argues that the cumulative effect of these, and four other instances of prosecutorial misconduct, denied him a fair trial.

Respondent argues that Dailey's denial of a fair trial and cumulative effect claims are procedurally barred from federal review. The Florida Supreme Court stated that "Dailey also argues that the cumulative effect of seven instances of prosecutorial misconduct undermined the validity of the trial to the extent that a guilty verdict could not have been reached without the assistance of these errors. Because these claims of prosecutorial misconduct are all premised on facts in the record, they could have and should have been raised on direct appeal. The claims are therefore procedurally barred." *See Dailey III*, 965 So.2d 38, 44 (Fla.2007)(footnote omitted).

On direct appeal, Dailey did not raise the claim that he was denied a fair trial because the prosecutor made an improper comment on his presumption of innocence, improperly vouched for Skalnik, and made a false statement regarding when Shaw used the payphone. Nor did he raise his "cumulative effect" claim. (Respondent's Ex. A-14). Consequently, these claims are barred from review. *See Harris v. Reed*, 489 U.S. at 261.

Likewise, Dailey's claim that his trial counsel was ineffective for failing to object to the prosecutor's misstatement of fact regarding Shaw is barred from review. As to this claim, the Florida Supreme Court, addressing this ineffective assistance of counsel claim, stated "[w]ith regard to the prosecutor's alleged 'blatant misstatement of fact' concerning Shaw's testimony, this claim was never raised in Dailey's post-conviction motion. Therefore, it is not cognizable on appeal." *See Dailey III,* 965 So.2d 38, 44 (Fla.2007).

However, Dailey's claims in Ground 3 that trial counsel was ineffective for failing to object to the prosecutor's statements concerning Dailey's presumption of innocence, and for failing to

14

object to the prosecutor's alleged improper vouching for Skalnik were decided on the merits by the

Florida Supreme Court. *Id*. Accordingly, the claims are entitled to a review on the merits.

**Ground 6**

Ground 6 alleges that Dailey's attorneys provided ineffective assistance of counsel at trial

for: 1) failing to impeach Gayle Bailey with phone records; 2) failing to cross-examine Skalnik about

the facts and circumstances of his pending charges; 3) failing to impeach Skalnik with newspaper

articles; and 4) failing to call Dailey to testify.

Dailey properly raised these ineffective assistance of trial counsel claims in his state Rule

3.850 motion for post-conviction relief.  The Florida Supreme Court rejected Dailey's appeal of the

denial of these ineffective assistance of counsel claims:

> In his final issue, Dailey raises four additional ineffective assistance of
> counsel claims. These include: (a) the failure to use phone records to impeach Gayle
> Bailey; (b) the failure to cross-examine Skalnik about the circumstances surrounding
> criminal charges pending at the time of the evidentiary hearing; (c) the failure to use
> newspaper articles to impeach Skalnik's testimony; and (d) the failure to call Dailey
> to testify.

> Dailey's claim regarding the use of phone records to impeach Gayle Bailey
> is procedurally barred because Dailey waived this claim at the evidentiary hearing.
> *See Reaves v. State*, 826 So. 2d 932, 942 (Fla. 2002) ("[W]here a defendant fails to
> pursue a claim . . . at the trial court, he waives such claim and cannot raise it on
> appeal with this Court."). Dailey's claim concerning counsel's failure to cross-
> examine Skalnik about his pending criminal charges is also barred. Dailey did not
> argue this claim in his brief. The claim is only mentioned in the heading of issue IV.
> When claims are listed in the headings of briefs but no argument is provided, those
> claims will be barred as insufficiently argued. *See Lawrence v. State*, 831 So. 2d 121,
> 133 (Fla. 2002).

> We affirm the denial of Dailey's claim concerning the failure of counsel to
> impeach Skalnik through the use of newspaper articles. At the evidentiary hearing,
> counsel explained his decision not to use the articles for impeachment. Counsel
> stated his belief that admitting newspaper articles into evidence often instills a sense
> of legitimacy with the jury about the factual accounts they contain. Counsel sought

to avoid this problem by excluding the articles at trial. This was a reasonable tactical decision and Dailey has failed to demonstrate that counsel's performance was deficient.

Lastly, we reject the claim that counsel was ineffective for failing to call Dailey to testify. At the evidentiary hearing, counsel explained that Dailey's story about how his pants became wet was likely to be rejected by the jury and would damage his credibility. This was a reasonable tactical decision and we find no deficiency in counsel's performance.

*Dailey III*, 965 So. 2d 38, 46-47 (Fla. 2007). The Florida Supreme Court's decision on sub-claims 1 and 2 (failure to use phone records to impeach Bailey, and failure to cross-examine Skalnik about pending criminal charges) rests solely on a procedural default under state law.

Consequently, sub-claims 1 and 2 of Ground 6 are procedurally barred from review on the merits. Dailey has shown neither cause and prejudice nor a fundamental miscarriage of justice, and the issue is no longer capable of being considered by the Florida courts. However, sub-claims 3 and 4 of Ground 6, that trial counsel were ineffective for failing to impeach Skalnik through the use of newspaper articles, and for failing to call Dailey to testify, were rejected by the Florida Supreme Court on the merits. Accordingly, these claims are entitled to be reviewed on the merits.

Accordingly, the Court **ORDERS** that:

1. Respondent's motion to dismiss (Doc. 14) is **GRANTED** to the extent that Grounds 1 (in part), 2 (in part), 3 (in part), 6 (in part), and 7 are **DISMISSED** as procedurally barred, and Ground 5 is **DISMISSED** for failure to allege a federal constitutional claim.

2. Respondent has **forty-five (45) days** to file a response addressing the merits of the remaining claims in the petition:

a. Ground 1 (all claims *except* sub-claim 2 - denial of due process by admission of evidence of knife sheath, booking photograph, and inmate hearsay statements);

16

b. Ground 2 (denial of due process and Eight Amendment rights when the trial court failed to consider mitigating evidence, when the trial judge failed to recuse himself from the resentencing proceeding, and when Dailey was denied a new penalty phase trial after jury was instructed on two aggravating circumstances that were unsupported by the evidence);

c. Ground 3 (ineffective assistance of counsel for failing to object to the prosecutor's statements concerning Dailey's presumption of innocence, and for failing to object to the prosecutor's improper vouching for Skalnik).

d. Ground 4

e. Ground 6 (sub-claims 3 and 4 - ineffective assistance of counsel for failing to impeach Skalnik with newspaper articles, and for failing to call Dailey as a witness).

3. Dailey has **thirty (30) days** from the date of Respondent's response to file a reply.

**DONE AND ORDERED** in Tampa, Florida, on _September 29th_, 2008.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Counsel of Record