UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES M. DAILEY,**

Petitioner,

-vs-                                                          Case No. 8:07–cv-1897-T-27MAP

**SECRETARY, FLORIDA**
**DEPARTMENT OF CORRECTIONS,**

Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion To Vacate To Allow Amendment And Motion To Alter Or Amend (Dkt. 40). The motion is GRANTED in part but otherwise denied.

**I. Motion To Vacate To Allow Amendment**

Petitioner asserts that when the his federal habeas petition was denied, the Court incorrectly found that Ground Three of the petition did not raise an ineffective assistance of counsel claim. Petitioner moves to vacate the judgment to allow him to amend his petition to clarify that Ground Three does raise a claim that his state court trial counsel was ineffective in failing to object to the prosecutor's: 1) misstatement regarding the presumption of innocence; 2) improper vouching for state witnesses; and 3) false argument regarding when Oza Shaw used the telephone on May 5, 1985.

Petitioner did not fairly present an ineffective assistance of counsel claim in Ground Three of his petition (Dkt. 1 at 37-46). Rather, Ground Three asserts a substantive claim that several instances of prosecutorial misconduct deprived Petitioner a fair trial (Id.).

The title of Ground Three is:

**THE LOWER COURT ERRED IN DENYING MR. DAILEY'S POSTCONVICTION CLAIM THAT HE WAS DENIED HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS, DUE TO PROSECUTORIAL MISCONDUCT, WHICH RENDERED THE OUTCOME OF HIS TRIAL UNRELIABLE. THE STATE ENCOURAGED AND PRESENTED MISLEADING EVIDENCE AND ARGUMENT TO THE JURY.**

(Dkt. 1 at 37). After identifying several instances of alleged improper prosecutorial argument, Petitioner did assert, in a single line, that "[c]ounsel's failure to protect his client from several of these instances of prosecutorial misconduct, by failing to timely object, was ineffective assistance of counsel." (Id. at 43). Petitioner did not, however, include a separate ineffective assistance of counsel analysis in his argument supporting Ground Three, either in his petition, memorandum of law, or reply (see Dkts. 1, 17, 36). In contrast, in his state Rule 3.850 motion, Petitioner presented an ineffective assistance claim in a separate ground from his substantive claim of prosecutorial misconduct. In that pleading, he clearly presented a claim that counsel was ineffective in failing to object to prosecutorial misconduct (Respondent's Ex. D-1 at record pages 21-22, 70-90).

Petitioner's fleeting reference to ineffective assistance of counsel in Ground Three of his federal petition did not fairly present a claim of ineffective assistance of counsel independent of his substantive prosecutorial misconduct claim. Notwithstanding, in its September 30, 2008 Order, this Court construed Ground Three as asserting a claim of ineffective assistance of counsel, and directed Respondent to address the claim that counsel was ineffective in failing to object to the alleged prosecutorial misconduct (Dkt. 27 at 13-15, 17; Dkt. 27 at 17)[1].

---

[1] This Court determined that Petitioner's "claim that his trial counsel was ineffective for failing to object to the prosecutor's misstatement of fact regarding Shaw is barred from review." (Dkt. 27 at 14).

A district court is to address and resolve all claims raised in a petition. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992); *Williams v. Florida Dept. of Corrections*, 391 Fed.Appx. 806, 810 (11th Cir. 2010). Accordingly, Petitioner's discrete allegation of ineffective assistance of counsel will be addressed on the merits. For the reasons that follow, however, there is no merit in the claim.

First, Petitioner fails to articulate any argument in support of this ineffective assistance of counsel claim (See Dkts. 1, 17, 36). Unsupported allegations cannot support a claim of ineffective assistance of counsel. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). *Cf. Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (issue waived on appeal where party failed to include substantive argument); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

Second, the respective state courts' findings that Petitioner's ineffective of counsel claim was without merit are not objectively unreasonable. "The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). And those findings are presumptively correct. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to findings of fact, not to mixed determinations of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).

In addressing this claim of ineffective assistance of counsel in the Rule 3.850 proceedings, the state trial court found:

> Next, Mr. Dailey alleges that his counsel was ineffective for failing to object to the prosecutor's closing argument wherein the prosecutor intentionally commented on and misstated the presumption of innocence afforded to him by the U.S. Constitution when she stated:
>
>> Ms. Andrews: Remember, as Mr. Denhardt asked you to remember, the presumption of innocence. The presumption of innocence that all citizens are afforded under the Constitution of the United States. All criminals are afforded, all murderers are afforded. It's gone right now. It's gone. *It no longer applies. The shield has to be removed.*
>
> (See Jury Trial Transcript, Vol. 6, p. 686, attached) (emphasis added). Mr. Dailey contends this comment made by the prosecutor was a patently improper comment on the constitutional presumption of innocence by implying to the jury they must presume Mr. Dailey to be guilty merely because the State had charged him with murder. Since his trial counsel failed to object to this statement, Mr. Dailey argues, his counsel was constitutionally ineffective and Mr. Dailey was deprived of his constitutional right to effective assistance of counsel and a fair trial.
>
> Mr. Dailey failed to present any evidence on this ground at the evidentiary hearings held in this matter. (See Evidentiary Hearing Transcripts, dated March 19, 2003, November 7, 2003, December 11, 2003, June 29, 2004, and November 5, 2004, attached). The question of when to object is a strategic decision that is within the discretion of the attorney, and should not normally be questioned by a court if the attorney's actions could be considered reasonably competent counsel. Peterka v. State, 890 So. 2d 219, 233 (Fla. 1999). Furthermore, Mr. Dailey has mischaracterized the prosecutor's statements as an improper comment on his constitutional right to the presumption of innocence. In fact, these comments appear to be nothing more than an attempt to argue the State had met its evidentiary burden. *Ruiz v. State*, 743 So.2d 1, 4 (Fla. 1999) (The assistance permitted includes counsel's right to state his contention as to the conclusions that the jury should draw from the evidence, quoting *United States v. Morris*, 568 F. 2d 396, 401 (5th Cir. 1978)). Therefore, the prosecutor's statements were not prejudicial, and Mr. Dailey has not established ineffective assistance of counsel. As such, no relief is warranted on this ground.

(Respondent's Ex. D2/142-43).

Next, Mr. Dailey alleges counsel was ineffective for failing to object to the prosecutor's guilt phase closing argument wherein the prosecutor engaged in improper bolstering of the testimony of the witnesses Messrs, Skalnik, Leitner, and DeJesus when she stated:

> Ms. Andrews: Skalnik is a thief. We admitted that as I have already said. But I want you to remember what Detective Halliday said about the other information that he has gotten from this man. It has proven to be reliable. He has told him where critical evidence in another murder case was evidence that they didn't know existed because the Defendants had told them they had thrown away the ski mask until Skalnik told them exactly where it was based on a conversation he had. A weapon that was thrown away in another murder case. *And that Detective Halliday, after having conversations with Skalnik and knowing him for years, considers him to be reliable enough to bring him to the State Attorneys' Office with the information he has provided.*
>
> *You heard Detective Halliday's experience and what unit he is with and the types of crimes that he investigates. If these men are cons, they would not con Detective Halliday.*

(See Jury Trial Transcript, Vol. 6, p. 707, attached) (emphasis added). Mr. Dailey contends that this argument by the prosecutor was an improper attempt to bolster the testimony of Paul Skalnik, James Leitner, and Pablo DeJesus, which the prosecutor knew to be not credible. Mr. Dailey argues that in making such an argument, the prosecutor was attempting to insulate this suspect testimony by cloaking it with Det. Halliday's seal of approval. Since his trial counsel failed to object to this argument, Mr. Dailey argues, he was deprived of his right to effective assistance of counsel and his right to a fair trial.

The prosecutor plays a special role in our criminal justice system, and as a result, any statements of personal belief by the prosecutor as to the reliability of any particular witnesses or evidence could unfairly prejudice the defendant. Myers v. State, 788 So. 2d 1112, 114 (Fla. 2d DCA 2001). Improper bolstering of witness testimony occurs when the prosecutor attempts to improve the witness' credibility by putting the weight of government behind the witness' testimony. Hutchinson v. State, 882 So. 2d 943, 953 (Fla. 2004). It is therefore impermissible for a prosecutor to argue that a police officer should be believed simply because he is a police officer. Garrette v. State, 501 So. 2d 1376, 1379 (Fla. 1st DCA 1978).

In the instant case, it does not appear the prosecuting attorneys engaged in any improper bolstering of witness testimony. Instead, it appears the prosecutor simply

5

> outlined evidence during the trial which demonstrated the witness' reliability. There does not appear to be any instance where the prosecutors attempted to endorse or stand behind any of the witnesses. Furthermore, Mr. Dailey failed to introduce any evidence at the hearings on this issue. . . . Therefore, Mr. Dailey has failed to demonstrate that his counsel's conduct was deficient and that prejudice resulted. As such, no relief is warranted on this ground.

(Respondent's Ex. D2 at 147-48).

In affirming the trial court's denial of these claims, the Florida Supreme Court found:

> Regarding the prosecutor's statements concerning Dailey's presumption of innocence, we agree with the trial court that when read in context, the comments appear to be a statement by the prosecutor of her belief that the State satisfied its burden of proof. Therefore, counsel's failure to object was not deficient. We also find that the prosecutor's alleged improper vouching for Skalnik was a fair comment in response to defense counsel's attack on Skalnik's credibility during closing argument. Defense counsel referred to Skalnik as a "professional thief" and a poor police officer. The State was entitled to rebut these comments. Accordingly, Dailey has failed to demonstrate that counsel's failure to object constitutes deficient performance.

*Dailey v. State*, 965 So. 2d 38, 44 (Fla. 2007).

It is not within the province of a federal court to determine whether the state court properly resolved an issue of state law. *Herring v. Secretary, Dept. of Corrections*, 397 F. 3d 1338 (11th Cir. 2005). Because the state courts determined that the comments in question were permissible under state law, Petitioner's trial counsel could not have performed deficiently by not objecting to the statements. *See Diaz v. Sec'y for Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005) (failure to raise meritless arguments will not render counsel's performance ineffective).

With respect to the prosecutor's statement concerning Petitioner's presumption of innocence, when considered in the context of the final argument that had just been made by defense counsel, it is apparent that the prosecutor was doing nothing more than responding to defense counsel's argument that the state had not proven its case beyond a reasonable doubt and had therefore not overcome the presumption of innocence. (Respondent's Ex. A10 at 1229-30).

In making his opening final argument to the jury, defense counsel urged that his client "is presumed to be innocent," "unless each and every one of you . . . should hear evidence that should convince you beyond a reasonable doubt that Mr. Dailey is not entitled to that presumption." *Id.* Defense counsel concluded his remarks by again asserting that his client was presumed innocent *"because the State has not proven the case to you by credible evidence beyond and to the exclusion of a reasonable doubt." Id.* at 1251 (emphasis added).

In expressly responding to this argument, the prosecutor acknowledged the presumption of innocence but urged that the evidence was sufficient to overcome the presumption. Specifically, she urged that the presumption was "gone right now. It's gone. It no longer applies." "The shield has been removed." (Respondent's Ex. A10 at 1262). Accordingly, considered in its proper context, she was simply commenting on the evidence and urging that the State had, contrary to the defense arguments, met its burden of proof and overcome the presumption of innocence (Respondent's Ex. A10 at 1261-62). The comments did not imply that Petitioner was not entitled to a presumption of innocence or that he was required to prove anything. The failure to object to this argument was not deficient performance. Moreover, the trial court instructed the jury after closing arguments on the presumption of innocence and the State's burden of proof (Id. at 1306-07). Petitioner demonstrates no prejudice from any claimed deficient performance.

Withe respect to Petitioner's contention that the prosecutor improperly vouched for the credibility of the state's prisoner witnesses, a fair reading of the prosecutor's argument demonstrates that she was recounting the evidence bearing on the credibility of those witnesses, rather than personally vouching for them. Moreover, her comments were fair rebuttal to the attack on the witnesses' credibility by defense counsel in his opening closing argument.

During closing argument, defense counsel attacked the credibility of Skalnik and the other prisoner witnesses (Respondent's Ex. A10 at 1243;1247-49). During her responsive argument, the prosecutor alluded to defense counsel's implication that State had gone over to the jail and done a sweep looking for witnesses (Respondent's Ex. A10 at 1278-79). In response to defense counsel argument that the State had figuratively bought the testimony of the jail witnesses, particularly Skalnik, she pointed out that the evidence established that Detective Halliday had received reliable information from Skalnik in the past in another case (Respondent's Ex. A10 at 1247-49). This argument cannot be fairly characterized as vouching for Skalnik. Her rebuttal of defense counsel's argument was not, therefore, improper. *See Davis v. Singletary*, 853 F.Supp. 1492, 1560 (M.D. Fla. 1994), *aff'd*, 119 F.3d 1471 (1997), *cert. denied*, 523 U.S. 1141 (1998) (finding that "[i]n response to an attack on the government and the conduct of its case, a prosecutor may present what even amounts to a bolstering argument if it is specifically done in rebuttal to assertions made by defense counsel in order to remove any stigma cast upon the government or its witnesses.") (citation omitted). *See also United States v. Young*, 470 U.S. 1, 11-13 (1985) (when prosecutor's comments are an "invited reply" in response to defense counsel's own remarks, and he "[does] no more than respond substantially in order to 'right the scale,' such comments would not warrant reversing a conviction").

Under Florida law, trial counsel is permitted wide latitude in arguing to a jury. *Breedlove v. State*, 413 So. 2d 1 (Fla. 1982). Federal law likewise permits wide latitude in this regard. To prevail under federal law, a petitioner must show that the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168 (1986). *See also Cargill v. Turpin*, 120 F.3d 1366 (11th Cir. 1997) (improper remarks will

compel habeas corpus relief only if they are so egregious as to render the proceedings fundamentally unfair). Upon consideration, it can be reasonably concluded that none of the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974); *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir.1997) (if reviewing court is confident that, absent improper prosecutorial remarks, the jury's decision would have been no different, proceeding cannot be said to have been fundamentally unfair, and habeas relief is not warranted). In light of the evidence which established his guilt of the crime for which Petitioner was found guilty, any claimed constitutional error in the prosecutor's remarks had no substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Claims of ineffective assistance of counsel are difficult claims to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984) governs an ineffective assistance of counsel claim. Under *Strickland,* a defendant must show that counsel's performance was deficient and that counsel's errors were so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, a defendant must show that counsel's deficient performance prejudiced the defense, that is, so serious as to deprive the defendant of a fair trial and reliable result. *See Strickland*, 466 U.S. at 687; *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

Proof of both deficient performance and resulting prejudice is required. *Id.* "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged

conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Counsel was not ineffective in failing to object to the prosecutor's argument. Even if he had objected, the objection would have been overruled. Petitioner demonstrates no prejudice from any claimed deficient performance Petitioner's claim of ineffective assistance of counsel therefore fails both prongs of the *Strickland* test. Petitioner has not met his burden of proving that the state courts' resolution of these claims was an unreasonable application of controlling Supreme Court precedent. Accordingly, Ground Three fails on the merits.

## II. Motion to Alter or Amend

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Petitioner alleges no newly-discovered evidence. Instead, Petitioner appears to assert that the denial of Ground One, Claim #2 of the petition (claim that Petitioner was denied his Sixth Amendment right to confront the witnesses against him when the state trial court restricted defense counsel from cross-examining state witness Skalnik about the nature of his past and pending felony theft charges (see Dkt. 38 at pp. 12-16)), was manifest error.

Petitioner argues that this Court's conclusion that any limitation on Skalnik's cross examination was harmless was erroneous. Petitioner contends that the weakness of the State's case undermines this finding of harmless error, asserting that this Court erroneously found that state

witness Gayle Bailey testified that when she came out of the bathroom in her house, Jack Pearcy (Bailey's boyfriend and Petitioner's co-defendant), the victim, and Petitioner "were gone from the house." Petitioner argues that Bailey only testified that when she came out of the bathroom that "they were gone," not that Petitioner left the house with Pearcy and the victim.[2]

First, to the extent Petitioner challenges the determination that any restriction on defense counsel's cross examination of Skalnik was harmless, Petitioner is essentially rearguing the merits of his claim and seeking reconsideration. Accordingly, the motion must be treated as a successive § 2254 habeas petition. A motion for reconsideration "is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim *on the merits.*'" *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (discussing 60(b) motions) (emphasis in original) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). *See also United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006)(explaining that "Rule 59(e) motions are subject to the same characterization" as Rule 60(b) motions that should be construed as second or successive habeas petitions); *Kirby v. AG of N.M.*, 2011 U.S. App. LEXIS 19575, at *11-12 (10th Cir. Sept. 19, 2011) (unpublished opinion) (affirming district court's dismissal of Rule 59(e) motion, construed as a successive § 2254 habeas petition, for lack of jurisdiction where 59(e) motion reargued the issues presented to and rejected by district court in habeas proceeding); *Aird v. United States*, 339 F. Supp. 2d 1305, 1311 (S.D. Ala. 2004) (The "jurisdictional prohibition on Rule 60(b) motions in the habeas context applies with equal force to Rule 59(e) motions.").

Ground One, Claim #2 was denied on the merits (see Dkt. 38 at pp. 12-16). In his motion,

---

[2] Petitioner also moves the Court to correct the scrivener's error at Dkt. 38, p. 23 n. 10, wherein Petitioner's co-defendant, Jack Pearcy, was misidentified as "Pearson." The motion will be granted to correct this scrivener's error.

Petitioner essentially seeks to "attack[] the federal court's previous resolution of [the] claim *on the merits*." *Williams*, 510 F.3d at 1293-1294 (emphasis in original). Consequently, this Court lacks jurisdiction to consider Petitioner's Rule 59(e) motion to the extent it challenges the denial of Ground One, Claim #2 on the merits. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Second, even if this Court has jurisdiction to consider Petitioner's challenge to the denial of Ground One, Claim #2, Petitioner has not demonstrated manifest error which would justify granting relief from the judgment. Petitioner does not argue or demonstrate that the conclusion that the state trial court did not unduly restrict defense counsel's cross-examination of Skalnik in violation of the Sixth Amendment was a manifest error of law or fact. Moreover, Petitioner does not demonstrate that this Court committed a manifest error of law or fact when it concluded that the restriction on defense counsel's cross-examination of Skalnik was harmless. Skalnik was impeached as to his motives and possible bias sufficiently for the jury to scrutinize and assess his credibility. Further, the State's case was strong, and Skalnik's testimony was but one aspect of the State's case against Petitioner.[3]

In sum, Petitioner has failed to provide good cause for to alter or amend the judgment denying Ground One, Claim #2 of his petition.

---

[3] The Court's conclusion that the State's evidence was strong is not changed by Petitioner's argument that Bailey did not testify that she saw Petitioner, Pearcy and the victim "gone from the house." (See Respondent's Ex. A8 at 958). Bailey still testified that "[w]hen I went to the restroom, I came out to go get back into the car and they were gone" (Id.), that she subsequently saw Petitioner and Pearcy return to the house, and that Petitioner's pants were soaking wet at that time (Id. at 958-60). Bailey's testimony was circumstantial evidence that Petitioner had left the house (with Pearcy and the victim) and committed the murder, as the victim had been drowned.

Accordingly, it is **ORDERED and ADJUDGED**:

1. Petitioner's Motion To Vacate To Allow Amendment And Motion To Alter Or Amend (Dkt. 40) is **GRANTED**, in part, solely to the extent that the final judgment (Dkt. 39) against Petitioner is **VACATED** to allow an amendment to add the claim of ineffective assistance of counsel and to correct the scrivener's error at Dkt. 38, p. 23 n. 10 misidentifying Pearcy, as "Pearson."

2. For the reasons discussed, Petitioner's claim of ineffective assistance of counsel for failing to object to the prosecutor's argument (see Dkt. 1 at pp. 37-44) does not warrant relief and is therefore denied. The April 1, 2011 Order (Dkt. 38), therefore, is **AMENDED** to reflect the denial of this ineffective assistance of counsel claim, and to correct the scrivener's error at p. 23 n.10, where Pearcy is misidentified as "Pearson."

3. The Clerk of the Court shall enter a new Judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to

deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Petitioner shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on March 29, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copy to:
Counsel of Record