UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. DAILEY,

    Petitioner,

v.                                                           Case No.   8:07–cv-1897-T-02AAS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

# ORDER

BEFORE THE COURT is Respondent's Motion to Preclude Federal Habeas Counsel from Making Public Records Discovery Requests (Dkt. 69), which Mr. Dailey opposes (Dkt. 71). Respondent asserts that on October 15, 2019, Mr. Dailey's federal counsel, CHU, made a request for records from the Florida Commission on Offender Review under Florida's Public Records Act, Chapter 119, Florida Statutes. Respondent moves the Court to "prohibit" CHU from making this request and any further public records requests on Florida agencies until the Court authorizes CHU to conduct discovery. Respondent argues that since Mr. Dailey's state post-conviction counsel have made multiple requests for public

records from several Florida agencies under Rule 3.852, Florida Rules of Criminal Procedure, all of which have been denied, it is "improper for CHU to sidestep the requirements of public records request in capital cases under rule 3.852 by using Chapter 119 to seek records that have already been denied to [Mr.] Dailey." Dkt. 69 at 2.

Whether the CHU is entitled to the requested state public records under Florida's Public Records Act is an issue for Florida's courts to decide. Although Respondent correctly contends that under Rule 6 of the Rules Governing §2254 Cases petitioners have no right to discovery in federal habeas proceedings without a showing of good cause, *see Bracy v. Gramley*, 520 U.S. 899, 904 (1997), Mr. Dailey has not made a motion for discovery under Rule 6. As Respondent notes, "there is no action currently pending in this Court or the Eleventh Circuit." Dkt. 69 at 3.

Dailey is pursuing public records via another avenue outside this above-captioned matter, under Florida's Public Records Act. Dailey is using a State statute to seek State records from State agencies with no matter pending now before the undersigned. Although Respondent may have remedies in State court on this issue, this Court finds no present basis under federal law to "prohibit" Mr. Dailey from pursuing records in this way. *See, e.g.*, *Calderon v. U.S. Dist. Court*

*for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("Rule 6 is limited to 'the processes of discovery available under the Federal Rules of Civil Procedure[.]'") (quoting Fed. R. Governing § 2254 Cases 6(a), advisory committee's note to 1976 adoption).

Accordingly, Respondent's Motion to Preclude Federal Habeas Counsel from Making Public Records Discovery Requests (Dkt. 69) is DENIED without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on October 18, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record