UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. DAILEY,

    Petitioner,

v.                                              Case No. 8:07-cv-1897-T-02AAS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,

    Respondents.
_____/

## ORDER GRANTING
## LIMITED STAY OF EXECUTION

This matter comes to the Court on Petitioner James Dailey's Motion for a Limited Stay of Execution Under 28 U.S.C. § 2251(a)(3)—Expedited (Dkt. 75) in which he moves the Court to stay his execution, scheduled for November 7, 2019, until December 15, 2019. Respondents oppose the motion. Dkt. 77. This Court STAYS imposition of the death penalty for ninety (90) days from appointment of federal counsel, until December 30, 2019 at which time this stay will automatically dissolve.

## Discussion

Mr. Dailey, a Florida prisoner under sentence of death and scheduled to be

executed on November 7, moves to stay his execution under 28 U.S.C. § 2251(a)(3), which provides:

> If a State prisoner sentenced to death applies for appointment of counsel pursuant to section 3599(a)(2) of title 18 in a court that would have jurisdiction to entertain a habeas corpus application regarding that sentence, that court may stay execution of the sentence of death, but such stay shall terminate not later than 90 days after counsel is appointed or the application for appointment of counsel is withdrawn or denied.

Mr. Dailey argues that under § 2251(a)(3), this Court has and should exercise its "statutory authority to stay [his] execution in order to allow for meaningful conflict-free federal representation" by the Capital Habeas Unit, which was appointed on October 1, 2019, to provide Mr. Dailey with representation in any federal proceedings related to his first-degree murder conviction and death sentence. Dkt. 75 at 6. He further argues "whether to grant a stay under 28 U.S.C. § 2251(a)(3) is not discretionary if a petitioner's right to federally appointed counsel will be violated unless the court stays his execution[,]" and it would be an abuse of discretion not to grant a stay of execution in this case because the CHU was appointed on October 1, 2019, and will not have sufficient time to meaningfully research and present his claims before November 7. Dkt. 75 at 8.

In 2007 the Office of Capital Collateral Regional Counsel-Middle Region ("CCRC") was appointed to represent Mr. Dailey pursuant to 18 U.S.C. § 3599(a)(2). Dkt. 8. On September 30 of this year, Mr. Dailey moved to have the

Capital Habeas Unit of the Office of the Federal Public Defender for the Middle District of Florida ("CHU") appointed pursuant to 18 U.S.C. § 3599(a)(2). Dkt. 49. The next day, October 1, CCRC moved to withdraw as Mr. Dailey's counsel due to alleged conflicts of interest. Dkt. 56. The Court granted both motions on October 1 and appointed CHU to represent Mr. Dailey pursuant to 18 U.S.C. § 3599(a)(2). Dkt. 58.

Respondents object to any stay, noting correctly that Dailey has already engaged in a full round of federal habeas. Respondents also argue that any potential petition would be meritless and/or procedurally barred.

This Court has "jurisdiction to *entertain* a habeas corpus application regarding that sentence." 28 U.S.C. § 2251(a)(3) (emphasis added). Whether Dailey's potential habeas application will invoke this Court's jurisdiction depends upon what it contains. This Court likely has jurisdiction to entertain habeas corpus petitions that are not successive. *See Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("[T]he phrase second or successive is not self-defining and it does not refer to all habeas petitions filed second or successive in time."). And, at minimum, this Court would be the court with jurisdiction to entertain a second or successive habeas corpus petition should it be permitted by the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). As such, this Court has jurisdiction to entertain habeas corpus applications by Mr. Dailey. And, since Mr.

Dailey's counsel—CHU—was appointed pursuant to 18 U.S.C. 3599(a)(2) and this Court may have jurisdiction to entertain a habeas corpus application should one be filed, this Court may stay execution for up to 90 days. 28 U.S.C. § 2251(a)(3).[1]

While "section 2251(a)(3) does not mandate an automatic stay, [it does] leave[] the exercise of stay jurisdiction to the sound discretion of a federal court." *Johnson v. Davis*, No. 4:11-cv-2466, Doc. 84, at 8 (S.D. Tex. Apr. 30, 2019) (Dkt. 75-3); *see also Gutierrez v. Davis*, No. 18-70028, Order Denying Motion, at *2 (5th Cir. Sept. 10, 2018) (Dkt. 75-2) ("We next consider whether the district court abused its discretion in [granting a stay pursuant to 28 U.S.C. § 2251(a)(3).]"). While this Court takes no position on any potential habeas application that Dailey's new counsel might file between now and the due date set below—or even if such application would be reviewable on its merits without approval from the Eleventh Circuit Court of Appeals—it is in the interests of a just and fair system for Mr. Dailey's new counsel to have the statutory grant of time to review and present habeas issues to this Court. Mr. Dailey has been on death row since 1987. Staying his execution for 53 days to ensure that Dailey's right to counsel is meaningful is scant prejudice to Respondents.

Accordingly, this Court grants Dailey's Motion for Limited Stay of

---

[1] Respondents point to cases that predate the amendment creating 28 U.S.C. 2551(a)(3)—or cite to portions of § 2551 predating the amendment—as requiring that a habeas petition be pending in order to institute a stay and requiring the use of a four-factor test. However, these are inapplicable here.

4

Execution Under 28 U.S.C. § 2251(a)(3)—Expedited. Dkt. 75. Mr. Dailey's execution shall be stayed for ninety (90) days until 11:59 PM December 30, 2019, at which time this stay will automatically dissolve. The Governor of Florida, Respondents, and the Warden of the Florida State Prison are hereby enjoined from executing James M. Dailey during the pendency of this stay.[2] Mr. Dailey and his counsel are ordered to file any habeas corpus petition or any other grounds for relief in federal court <u>no later than</u> November 30, 2019, at 5 PM.

**DONE AND ORDERED** at Tampa, Florida, on October 23, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[2] Respondents argue that this stay would halt further state court proceedings in this matter under 28 U.S.C. § 2551(b). Dkt. 77 at 2 n.2. However, § 2551(b) predates the 2006 amendment that created § 2551(a)(3). As such this stay has no effect on the pendency or progress of state court proceedings.