UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. DAILEY,

    Petitioner,

v.                                                  Case No. 8:07-cv-1897-T-02AAS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,

    Respondents.
_____/

## ORDER DENYING STAY OF EXECUTION

This matter is before the Court on Petitioner James Dailey's Motion for a Temporary Stay of Federal Habeas Proceedings Pending the Eleventh Circuit's Disposition of *Collins v. Secretary* (Dkt. 95) in which he moves the Court to stay his execution pending the resolution of *Collins v. Sec'y. Fla. Dep't. of Corr.*, No. 17-13207-F (11th Cir.). This Court denies the motion.

### Discussion

Petitioner seeks a stay of federal habeas proceedings pending the resolution of *Collins v. Sec'y. Fla. Dept. of Corr.*, No. 17-13207-F (11th Cir.). In Collins, the Eleventh Circuit intends to re-examine the appropriateness of a freestanding claim of actual innocence in federal habeas proceedings. *See Collins v. Sec'y. Fla. Dept.*

*of Corr.*, No. 17-13207-F, 2019 WL 3209880, at *2 (11th Cir. Mar. 12, 2019). Petitioner argues the possibility of the Eleventh Circuit recognizing actual innocence claims as cognizable in federal habeas proceedings is enough to stay this matter pending the eventual decision in that case.

Yet, as the United States Supreme Court has noted "a claim of 'actual innocence' is not itself a constitutional claim." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The Supreme Court has never held that a prisoner is "entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). At best, the Supreme Court assumed "for the sake of argument . . . that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Herrera*, 506 U.S. at 417.

The issue of whether such a claim is cognizable in federal habeas corpus is immaterial in this case, because even if the Eleventh Circuit recognized such a claim, Mr. Dailey does not qualify. Mr. Dailey has fallen far short of showing that he is actually innocent. Of course, the Supreme Court has never decided what the precise burden of proof for a freestanding actual innocence claim would be. That said, the Supreme Court has indicated that it would necessarily be harder to establish a freestanding actual innocence claim than it is to establish actual

innocence under the fundamental miscarriage of justice exception to the procedural default doctrine. *See House v. Bell*, 547 U.S. 518, 554–55 (2006). To satisfy this lesser standard, Mr. Dailey would have to prove that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

This Court has reviewed the entire record in this matter, closely. The entire record does not suggest the actual innocence of Mr. Dailey. Although only two persons alive know for certain what happened at the Lover's Lane area that night—where Dailey had visited prior—the entire record here suggests the State had a sufficient case against Mr. Dailey and the jury returned a rational verdict.

The trial transcript of the two jailhouse librarians, who passed and surreptitiously xeroxed notes between Mr. Dailey and codefendant Pearcy; Mr. Dailey's flight to Miami the next morning after visiting a laundromat and car wash; and eventual flight to Tucson, were an important part of the State's case. The barhopping and marijuana smoking with the fourteen-year-old victim—and her dancing with Pearcy but rebuffing the forty-year-old Dailey—is notable. Dkt. 33 D-3 at 15.[1] Mr. Dailey's early morning appearance back at the house with trousers wet in the crotch area and no shirt (carrying a bundle) remains inexplicable; yet, it

---

[1] Testimony of James Dailey in State Post-Conviction Hearing, *State v. Dailey*, Case No. 85-7084 (Fla. Cir. Ct. March 19, 2003).

is consistent with someone holding a bled-out girl underwater to drown. Dailey's post-trial testimony about his wet pants strains credulity: Dailey testified that Pearcy retrieved Dailey from bed sometime in the early morning hours—after the day of drinking and marijuana smoking—to go out to the Belleair Causeway for more imbibing, and there Mr. Dailey threw a frisbee first with himself and then with Pearcy, becoming wet when he retrieved it from the water. Dkt. 33 D-3 at 18.

Additionally, the Motion suggests as part of the actual innocence claim that the codefendant Pearcy confessed that Pearcy alone committed the murder. Dkt. 95 at 2. This not accurate. While Mr. Dailey's counsel did file a Pearcy affidavit to that effect in this record, when Pearcy was examined in the ensuing evidentiary hearing he receded from any such claim. *Dailey v. State*, 279 So. 3d 1208, 1213–14 (Fla. 2019).

Beyond that, any suggestion that Pearcy is a credible witness is a stretch. Over the years Pearcy has changed his account of what happened that night numerous times. And even then, Pearcy has never testified while under oath and subject to cross-examination that Mr. Dailey was not involved in the murder—despite seemingly no incentive to withhold exculpatory information. Each time Mr. Dailey's counsel has called him to testify about the newly discovered evidence of his signed affidavits he has either refused to testify or said the affidavit was not

accurate. *Id.*; *Dailey v. State*, 965 So. 2d 38, 45–46 (Fla. 2007); Dkt. 33 D-2 at 45–46.

Accordingly, even if the Eleventh Circuit were to recognize actual innocence as a federal habeas claim, Mr. Dailey is unlikely to be able to meet this high burden. Thus, the Motion (Dkt. 95) is denied with prejudice.

**DONE AND ORDERED** at Tampa, Florida, on December 2, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record